IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALTER CLEVELAND NOOE,              )
                                    )
            Petitioner,              )
                                    )
       v.                            )      1:11CV288
                                    )
MR. R. NEELY,                        )
                                    )
            Respondent.              )

**ORDER, MEMORANDUM OPINION, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On March 28, 2007, in the Superior Court of Montgomery County, Petitioner was sentenced to 116 to 149 months of imprisonment after his conviction by a jury for assault with a deadly weapon with intent to kill inflicting serious injury and first-degree kidnapping in case 05 CRS 50832. (Docket Entry 6, Ex. 1.) Petitioner did file an appeal, but the North Carolina Court of Appeals affirmed the judgment. State v. Nooe, No. COA07-1116, 190 N.C. App. 207, 661 S.E.2d 328 (table), 2008 WL 1946783 (May 6, 2008)(unpublished).

The Petition asserts that Petitioner sought further review of his direct appeal in the North Carolina Supreme Court. (Docket Entry 1, § 9(g).) However, the date the Petition cites for the decision of the North Carolina Supreme Court, August 26, 2010, corresponds with the dismissal by that court of a certiorari petition Petitioner filed on July 13, 2010. See State v. Nooe, ___ N.C. ___, ___, 701 S.E.2d 250, 251 (2010). That certiorari

petition could not have constituted a timely continuation of Petitioner's direct appeal beyond the affirmance rendered by the North Carolina Court of Appeals on May 6, 2008.  See Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *2 & n.3 (M.D.N.C. Sept. 28, 2010) (unpublished) (citing cases discussing N.C.R. App. 14(a), 15(6), and 32(b) and concluding that defendants have 35 days to seek further review in the North Carolina Supreme Court after North Carolina Court of Appeals rejects direct appeal).[1]

On January 6, 2009, Petitioner filed a motion for appropriate relief in the trial court.  (Docket Entry 6, Ex. 3.)  That motion was promptly denied on January 14, 2009, and Petitioner did not pursue it further.  (Id., Ex. 4.)  However, on September 15, 2009, Petitioner filed a second motion for appropriate relief, which was also denied.  (Id., Ex. 5.)  Petitioner then filed a petition for certiorari with the North Carolina Court of Appeals regarding the second motion.  (Id.)  However, certiorari was denied on April 29, 2010.  (Id., Ex. 6.)  Petitioner also sought certiorari from the North Carolina Supreme Court, but that request was dismissed on August 26, 2010.  (Id., Ex. 7.)

Petitioner thereafter submitted his Petition in this Court, which is dated as having been signed and mailed on February 11, 2011.  (Docket Entry 1 at 14.)[2]  However, this does not appear

---

[1] As discussed below, the North Carolina Supreme Court decision of August 26, 2010 occurred in connection with Petitioner's collateral attacks on his conviction, not his direct appeal.

[2] Page citations for this document refer to the pagination in the CM/ECF footer, rather than the pre-printed pagination on the form document.

accurate. The Petition was first mailed to the Eastern District of North Carolina, which placed the Petition and its original envelope in a new envelope and sent it to this Court. (See Docket Entry 1, Attach. 1 and 2.) The original envelope bears a postmark of April 8, 2011, and a date stamp reflecting receipt in the Eastern District on April 11, 2011. (See id., Attach 1.) The mailing from the Eastern District was received in this Court on April 13, 2011. (See id., Attach 2.) Also, the Petition has appended thereto a document signed by Petitioner on March 29, 2011 (id. at 17) and a print out of activity from his inmate trust account dated March 30, 2011 (id. at 19-20). The record thus establishes Petitioner provided the Petition to the prison officials for mailing between March 30, 2011 and April 8, 2011.

Respondent has moved for dismissal of the Petition as untimely. (Docket Entry 5.) Petitioner has responded (Docket Entry 8) and has filed a Motion for Appointment of Counsel (Docket Entry 9).

### Claims

Petitioner raises five claims for relief in his Petition. First, he asserts that the victim's testimony regarding prior assaults, as well as a supporting exhibit, were inadmissible because they were irrelevant. (Docket Entry 1, ¶12, Ground One.) Second, Petitioner alleges that several of the State's exhibits showing injuries to the victim were "duplicative" and that she testified that the injuries took place before the assault for which Petitioner was tried. (Id., Ground Two.) Third, Petitioner

-3-

contends that a law enforcement officer's testimony concerning statements made by Petitioner was inadmissible because Petitioner had not received notice of his rights prior to making the statements. (Id., Ground Three.) Fourth, Petitioner argues that the testimony of a witness concerning statements made by the victim was irrelevant and inadmissible and that a problem occurred with the jury instructions. (Id., Ground Four.) Finally, Petitioner contends that the trial court erred in denying motions to dismiss made by the defense at the close of the State's evidence and all of the evidence. (Id. at 18.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[3] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his

---

[3] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

-4-

§ 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

Here, Petitioner did pursue a direct appeal, but only with the North Carolina Court of Appeals. He did not continue his appeal

-5-

Case 1:11-cv-00288-TDS-LPA  Document 11  Filed 07/16/12  Page 5 of 11

with the North Carolina Supreme Court and, therefore, could not have filed for certiorari with the United States Supreme Court; his convictions thus became final 35 days after the North Carolina Court of Appeals issued its opinion on May 6, 2008, i.e., June 10, 2008.  See Harb, 2010 WL 3853199, at *2-5.  Petitioner's time to file in this Court then began to run and ran for 210 days until Petitioner filed his first motion for appropriate relief on January 6, 2009.  At that point, the running of the limitation period was tolled with 155 days left for Petitioner to file his habeas petition once the tolling ceased.  See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

The one-year limitation period remains tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Id.  Petitioner's first motion for appropriate relief was denied on January 14, 2009, and he did not seek review from the North Carolina Court of Appeals. Therefore, his time under AEDPA began to run again, at the latest, thirty days after the denial of his motion for appropriate relief. See McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006) (holding that time to seek review of denial of motion for appropriate relief undefined under North Carolina law, but would not extend more than thirty days absent unusual circumstances); Rhue v. Carroll, No. 5:05-HC-592-BO (E.D.N.C. Aug. 28, 2006) (unpublished) (ruling that one-year period to seek federal habeas

review begins running again immediately upon denial of motion for appropriate relief in absence of petition for certiorari because no state court proceeding exists to support continued tolling). Accordingly, Petitioner's time to file in this Court began to run again, at the latest, on February 13, 2009. It then ran for the remaining 155 days and expired in mid-July of 2009 without Petitioner having made any filing in this Court or seeking further review in the state courts.

Petitioner did later file and pursue a second motion for appropriate relief, but not until September 15, 2009, or about two months after his time to file in this Court had already expired. Filings made after the limitations period has expired do not revive or restart the one-year filing period. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). In addition, Petitioner waited about seven more months following the dismissal of his last attempt at review in the state courts before submitting his Petition to this Court. The Petition is well out of time under § 2244(d)(1).

Petitioner does not appear to dispute the substance of the foregoing analysis. However, he asks the Court to consider his Petition in any event because: 1) he is an "innocent illiterate" prisoner; 2) his rights have been violated; and 3) he has rights of access to the court, counsel, freedom of speech, and freedom of expression. (Docket Entry 8 at 5-6.) The latter two assertions require little discussion. Petitioner's claim that his rights have been violated essentially asserts that his Petition has merit. The merits of a case do not constitute part of a timeliness analysis

under § 2244(d).  See Rouse v. Lee, 339 F.3d 238, 251-52 (4th Cir. 2003).  Nor does the application of § 2244(d) violate Petitioner's cited constitutional rights.  He has accessed the courts by filing his Petition.  See Lewis v. Casey, 518 U.S. 343, 354 (1996) (providing right of access to the courts means the right to bring an action, not the right to litigate effectively); Hill v. Dailey, 557 F.3d 437, 439-40 (6th Cir. 2009) (ruling that § 2244(d) does not violate right of access to courts).  Likewise, he has spoken and expressed himself as he wishes.  Finally, the Supreme Court has declined to recognize a right to counsel on collateral review. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Only Petitioner's assertions of innocence and illiteracy warrant further analysis.  Petitioners often cite their innocence in an attempt to satisfy the "miscarriage of justice" exception to procedural default.  See Schlup v. Delo, 513 U.S. 298, 313-15 (1995).  A significant question exists as to whether a claim of "actual innocence" could relax the statute of limitation imposed by § 2244(d).  Compare Souter v. Jones, 395 F.3d 577, 597-602 (6th Cir. 2005) (recognizing actual innocence exception), with Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (ruling that actual innocence has no bearing on time-bar).  If such an exception exists, the threshold for meeting it is extremely high.  Petitioner generally would have to produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. at 327. At a minimum, Petitioner would have to show "factual innocence, not

mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner does not come close to meeting this standard. He does set out his rendition of the facts underlying his case in his response brief. (Docket Entry 8 at 2-3.) However, Petitioner's summary constitutes nothing more than a restatement of his testimony from his trial, i.e., testimony already rejected by the jury. See Nooe, 2008 WL 1946783, at *2. Petitioner has failed to identify new evidence at all and cannot establish a claim of actual innocence.

Finally, Petitioner's reference to his alleged illiteracy appears to represent an argument for equitable tolling. The Supreme Court has determined that the one-year limitation period under § 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Illiteracy does not constitute grounds for equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Members of this Court consistently have followed Turner. See, e.g., Jackson v. United States, Nos. 1:09CV112, 1:07CR169-5, 2009 WL 5171869, at *2-3 (M.D.N.C. Dec. 22, 2009) (unpublished) (Dixon, M.J.) (citing Turner in recommending against grant of equitable tolling based on petitioner's allegation of "being learning-

-9-

Case 1:11-cv-00288-TDS-LPA   Document 11   Filed 07/16/12   Page 9 of 11

disabled . . . because illiteracy does not constitute grounds for equitable tolling"), adopted, slip op. (M.D.N.C. May 17, 2010) (Beaty, C.J.); Bryant v. Beck, No. 1:08CV181, 2008 WL 2949247, at *2-3 (M.D.N.C. July 30, 2008) (unpublished) (Eliason, M.J.) (recommending dismissal for untimeliness despite petitioner's alleged lack of education because "illiteracy does not constitute grounds for equitable tolling" and citing Turner), adopted, slip op. (M.D.N.C. Feb. 5, 2009) (Osteen, Jr., J.); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (Eliason, M.J.) (relying on Turner in stating in dicta within recommendation that "illiteracy does not constitute grounds for equitable tolling"), adopted, id. at 972 (Beaty, J.).[4]

Additionally, Petitioner has not shown the required diligence in pursuing his claims. Whatever difficulties Petitioner may have faced, he has shown, both here and in the state courts, the ability to file documents in a timely fashion. Nevertheless, at other points, he allowed about seven months to pass between the end of his direct appeal and his first motion for appropriate relief, failed to fully pursue that motion, and then filed his instant Petition a number of months out of time. Such conduct does not

---

[4] Other district courts in this Circuit have done the same. See, e.g., Bell v. Keller, No. 5:09HC2167D, 2011 WL 845913, at *4 (E.D.N.C. Mar. 8, 2011) (unpublished); Scales v. Johnson, No. 7:10CV57, 2010 WL 2332656, at *2 (W.D. Va. June 9, 2010) (unpublished); Bey v. Jones, No. 5:09CV128-3-MU, 2009 WL 4642074, at *2 (W.D.N.C. Dec. 1, 2009) (unpublished); Junkins v. McBride, No. 104CV169, 2005 WL 1330549, at *3 (N.D.W. Va. June 3, 2005) (unpublished), adopted, slip op. (N.D.W. Va. June 22, 2005); see also Lareau v. Reynolds, No. 2:11-684-RBH-BHH, 2011 WL 2036335, at *3 (D.S.C. Apr. 29, 2011) (citing Burns, 349 F. Supp. 2d at 974, in observing that "courts have held that illiteracy is not an extraordinary circumstance under the test of equitable tolling"), adopted, No. 2:11-CV-684-RBH, 2011 WL 2036297 (D.S.C. May 24, 2011).

qualify as diligent pursuit of his claims. Petitioner is not entitled to equitable tolling, his Petition is untimely, and Respondent's Motion to Dismiss should be granted. Further, given the recommendation of dismissal, Petitioner's request for counsel will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket Entry 9) is denied.

**IT IS RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be granted, that the Habeas Petition (Docket Entry 1) be dismissed, and that Judgment be entered dismissing this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: July 16, 2012

-11-

Case 1:11-cv-00288-TDS-LPA   Document 11   Filed 07/16/12   Page 11 of 11